**Alicia CONCEPCION PEREZ, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 82–2331 HL.**

United States District Court,
D. Puerto Rico.

Nov. 15, 1985.

---

Samuel Pagan Pagan, Bayamon, Puerto Rico, for plaintiff.

Asst. U.S. Atty. Francisco Besosa, Hato Rey, Puerto Rico, for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

This case was remanded to the Secretary for additional consideration of plaintiff's alleged hypertensive condition. Upon remand a new hearing was held after which the Secretary reiterated her previous opinion that plaintiff had no severe impairment which significantly limited her capacity to perform her past work. After a thorough review of the whole record we find that the Secretary's decision is not supported by substantial evidence and that the Medical-Vocational Guidelines direct a finding of disability in this case.

Plaintiff was 55 years of age when her insured period expired. (Tr. 50.) She has a third grade education and work experience as a domestic maid, (Tr. 50). The undisputed medical evidence shows that plaintiff suffers from arterial hypertension and moderate arthritis (Tr. 82, 134, 152, 168). Although none of these conditions is per se disabling, they impose certain limitations in her physical capacities which will certainly limit her in the performance of her past work as a maid.

According to the consultative physicians, in an eight-hour work day plaintiff could stand and walk up to four hours and sit up to six hours (Tr. 88, 161). Her work as a maid required her to stand and walk almost the whole eight hour work day. Therefore, the medical evidence demonstrates that plaintiff is precluded from performing her past work.[1]

In the sequential evaluation of a disability claim, the next inquiry is whether the claimant's impairment prevent her from performing other work of the sort found in the economy. *GOODERMATE v. SECRETARY OF HEALTH AND HUMAN SERVICES*, 690 F.2d 5 (1st Cir.1982). When this fifth step is reached, the Medical-Vocational Guidelines (the Grid) enter into play. When the findings of fact coincide with all of the criteria of a particular rule, that rule directs the conclusion as whether the claimant is or is not disabled. *VAZQUEZ v. SECRETARY OF HEALTH AND HUMAN SERVICES*, 683 F.2d 1 (1st Cir.1982).

The undisputed facts in this case coincide with the criteria of Rule 202.01 of Table No. 2, Appendix 2, Title 20, Subpart P. Plaintiff is of advanced age (55 or over), 20 C.F.R. Sec. 404.1563(d); she has a marginal education (6th grade or less), 20 C.F.R. Sec. 404.1564(b)(2); her past work experience is on unskilled work (Tr. 181), and the uncontroverted medical evidence supports the Secretary's finding that plaintiff's physical capacity is limited to light work (Tr. 181). With these facts in mind, Rule 202.01 directs a finding of disabled.

WHEREFORE, in light of the applicable law and jurisprudence, the Secretary's decision is hereby REVERSED and a finding of disability is hereby entered.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

---

1. The Secretary discredited all this medical evidence finding that plaintiff is not following her prescribed medical treatment. However, we have reviewed the whole record and there is no evidence to support that conclusion.